UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: REBECCA CUMMINGS, No. 23-10321-j13

Debtor.

# MEMORANDUM OPINION

Is a chapter 7 trustee entitled to compensation when the bankruptcy case is converted to chapter 13 prior to the chapter 7 trustee having made any distributions? This is a question that bankruptcy courts have struggled with. As one court put it, there are "as many as six different discernible theories."[1]

In the instant case, the former Chapter 7 Trustee discovered undisclosed, non-exempt equity in the Debtor's residence while the case was pending under chapter 7. Such efforts will result in non-priority, unsecured claims being paid in full in the converted chapter 13 case.[2] The fractured caselaw suggests chapter 7 trustee fees should be allowed in the converted chapter 13 case in a range of $0 to the entire commission the former Chapter 7 Trustee would have received had the case remained in chapter 7.

This Court determines that it has the authority to award reasonable compensation for the former Chapter 7 Trustee's services, despite no distributions having been made while the case was pending under chapter 7. The Court takes into account all relevant factors in making its award, which includes an appropriate hourly rate, time spent, and a fee enhancement for the diligent investigation and discovery of non-exempt assets.

---

[1] *In re Philips*, 507 B.R. 2, 5 (Bankr. N.D. Ga. 2014).
[2] Assuming the proposed amended chapter 13 plan is confirmed and payments under the plan are completed.

PROCEDURAL HISTORY

On November 21, 2023, the former Chapter 7 Trustee, Philip J. Montoya (the "Chapter 7 Trustee") filed his *Application for Allowance of Administrative Claim* (the "Application" – Doc. 48) in the converted chapter 13 case. The Court issued a tentative ruling on the Application (the "Tentative Ruling" – Doc. 94), in which it outlined its proposed approach to determining a chapter 7 trustee's compensation in these circumstances. No party timely raised an objection to the Tentative Ruling, and therefore the Court adopts the Tentative Ruling, as restated and modified in this Memorandum Opinion. A final hearing on the Application was held May 8, 2024, and the Court makes additional findings of fact and conclusions of law in awarding reasonable compensation to the Chapter 7 Trustee. The Debtor's bankruptcy case is currently pending as a case under chapter 13. The Debtor filed an amended chapter 13 plan (Doc. 75), which has not yet been confirmed.

FINDINGS OF FACT[3]

The Debtor filed her voluntary chapter 7 petition (Doc. 1) on April 18, 2023, which commenced a bankruptcy case under chapter 7 of the Bankruptcy Code.[4] The Chapter 7 Trustee conducted a meeting of creditors in this bankruptcy case on May 26, 2023 (*see* Docs. 8 & 11), and he then filed a report of assets, an application to employ himself as attorney for the Chapter 7 Trustee, and an application to employ a realtor (the "Realtor"). *See* Docs. 13 & 15. The Court approved both applications. *See* Docs. 19 & 28.

---

[3] The Court takes judicial notice of the docket and claims register, and the documents thereon, in this bankruptcy case. *See* Fed. R. Evid. 201(b)(2) and (c); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its own docket), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) ("[T]he bankruptcy court appropriately took judicial notice of its own docket[.]").

[4] "Bankruptcy Code" means title 11 of the United States Code.

The application to employ the Realtor states that a "realtor is needed to liquidate certain real property of the estate located at 4645 Fairfax Drive NW, Albuquerque, NM 87114." Doc. 15 at ¶ 1. A signed copy of a listing agreement was attached to the application and provided for a listing price of $329,000.00. *Id.* at ¶ 5 & Ex. A.

Subsequently, on June 29, 2023, the Debtor filed and served notice of a motion to convert the case from chapter 7 to chapter 13. Docs. 17 & 18. The Debtor sought to convert the case to chapter 13 to prevent the Chapter 7 Trustee from selling her house. The Chapter 7 Trustee timely filed an objection on July 20, 2023. *See* Doc. 25. No other objections were filed. On October 23, 2023, the Court entered its *Order Granting Motion by Debtor[] to Convert Case Under Chapter 7 to Case Under Chapter 13* (the "Conversion Order" – Doc. 38). The Court entered the Conversion Order on the stipulation of the Debtor and Chapter 7 Trustee. The Conversion Order provides,

> The Chapter 7 Trustee may, within 30 days of the date of this order, file an application for statutory compensation pursuant to 11 U.S.C. §§ 330(a) and 503(b)(2), not to exceed $12,500.00, plus New Mexico gross receipt[s] tax and expenses. . . . Debtor shall not object to the applications filed by the Chapter 7 Trustee or the Chapter 7 Trustee's Counsel so long as the compensation requested does not exceed the amounts set forth herein.

Doc. 38 at ¶ 4.

On November 21, 2023, the Chapter 7 Trustee filed the Application. The Application requests allowance of an administrative claim by the Chapter 7 Trustee in the amount of $13,453.13, comprised of $12,500.00 plus gross receipts tax thereon (7.625%) in the amount of $953.13. Application at ¶¶ 6 & 7. The Application states that "[t]he basis for the Chapter 7 Trustee's administrative claim is that Trustee discovered that Debtor's residence . . . was undervalued by approximately $100,000.00 in her bankruptcy schedules, and it is due to Trustee's efforts that there will be a dividend to creditors." Application at ¶ 3.

The Chapter 7 Trustee further asserts that the compensation he would have earned had the case remained in chapter 7 would have been $15,031.07, plus gross receipts tax and expenses, because he would have paid $19,319.32 to unsecured creditors who filed proofs of claim and $189,982.00 to pay off the Debtor's mortgage. Application at ¶ 5. The Chapter 7 Trustee "proposes that the conversion of Debtor's case, and the repayment to creditors that a confirmable plan will require, be deemed a distribution by [the Chapter 7] [T]rustee for purposes of calculating compensation." Application at ¶ 4.

The Chapter 7 Trustee spent 7.2 hours providing trustee services for the bankruptcy estate while the case was pending in chapter 7, outside of time spent defending the Chapter 7 Trustee's request for fees.[5] The Chapter 7 Trustee charges $250 per hour when he acts in the capacity of an attorney. The Chapter 7 Trustee does not contend that he provided any attorney services in this case; the Application seeks fees for his services in the capacity as chapter 7 trustee. He asserts that if he is to be paid an hourly rate for trustee work, the same hourly rate he charges for attorney services is appropriate for his trustee services.

The Chapter 7 Trustee suspected that the Debtor's residence was undervalued after comparing the estimate available on Zillow with the estimate provided by the Debtor from Realtor.com. According to the Chapter 7 Trustee, the Zillow estimate was "quite a bit higher." In making his determination that the property was undervalued by $100,000, the Chapter 7 Trustee consulted with the Realtor. She did a market analysis without visiting the property. After the Debtor provided photographs to show that certain areas needed repairs or improvements, the Realtor visited the property and did an appraisal.

---

[5] This excludes the last four entries on the Chapter 7 Trustee's billing statement, which is <u>Exhibit 1</u>.

If the Chapter 7 Trustee had sold the Debtor's residence, the Realtor's commission would have been 6% and there would have been sufficient proceeds from the sale for unsecured creditors to be paid in full. The Chapter 7 Trustee has already received $60 in compensation for serving as a case trustee.

CONCLUSIONS OF LAW[6]

A. *Approaches taken by other courts.*

In analyzing compensation for a former chapter 7 trustee who made no disbursements after a case under chapter 7 has converted to one under chapter 13, bankruptcy courts have taken a variety of approaches. *See In re Philips*, 507 B.R. 2, 5 (Bankr. N.D. Ga. 2014) (noting "a variety of irreconcilable reported court decisions, which are based on as many as six different discernible theories") (citing *In re Silvus*, 329 B.R. 193 (Bankr. E.D. Va. 2005)).

> More simply, these cases tend to fall into three main categories: some cases hold that the amount payable is zero when the trustee has made no disbursements; others hold that the [§ 326] cap simply does not apply to a case that is no longer a case under Chapter 7; still others hold that the cap applies but it is calculated based on funds distributed by *any* trustee after conversion to Chapter 13.

*Philips*, 507 B.R. at 5 (emphasis in original). Because the caselaw suggests so many different approaches, the Court will restate the relevant statutory provisions and then address the Chapter 7 Trustee's arguments and approaches taken by other courts.

B. *Applicable Bankruptcy Code sections.*

In a case under chapter 7, the chapter 7 trustee's compensation is governed by §§ 330(a)(1), 330(a)(7), and 326(a) and (c). Section 330(a)(1) provides,

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed

---

[6] "Section" and "§" refer to sections of the Bankruptcy Code unless other specified.

under section 333, or a professional person employed under section 327 or 1103—
(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses.

Section 330(a)(7) provides,

> In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326.

Section 326(a) in turn provides,

> In a case under chapter 7 or 11, other than a case under subchapter V of chapter 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

Section 326(c) provides further,

> If more than one person serves as trustee in the case, the aggregate compensation of such persons for such service may not exceed the maximum compensation prescribed for a single trustee by subsection (a) or (b) of this section, as the case may be.

    C.   *Is the Chapter 7 Trustee entitled to compensation in the converted chapter 13 case for services rendered while the case was pending under chapter 7?*

Section 326(a) limits compensation that can be awarded to a chapter 7 trustee in a case under chapter 7 to percentages of amounts the chapter 7 trustee disburses or turns over to parties in interest. Here, the case under chapter 7 has converted to a case under chapter 13, and the Chapter 7 Trustee has not actually disbursed or turned over any amount to parties in interest. The Chapter 7 Trustee argues that he is entitled to compensation nevertheless.

6

1. *The Chapter 7 Trustee's compensation cannot be based on payments to creditors under a chapter 13 plan.*

The Chapter 7 Trustee argues that after conversion of the Debtor's case pending under chapter 7 to a case under chapter 13, payments to creditors required by a confirmable chapter 13 plan resulting from the Chapter 7 Trustee's efforts should be deemed a distribution by the Chapter 7 Trustee for purposes of calculating compensation to the Chapter 7 Trustee under § 326(a). Although there is support in the caselaw for the Chapter 7 Trustee's position,[7] the Court is not persuaded that disbursements by a chapter 13 trustee under a chapter 13 plan can be deemed to be disbursements by a former chapter 7 trustee.

Section 326(a) governs "compensation . . . of the trustee for the trustee's services, payable after the trustee renders such services" not to exceed a percentage of "all moneys disbursed or turned over in the case *by the trustee* to parties in interest" (emphasis added). The plain meaning of § 326(a) is that the reference to "moneys disbursed or turned over in the case by the trustee" is a reference to the same trustee who rendered the services and made the disbursements or turned over the funds. The plain meaning of § 326(a) prevents a court from employing a legal fiction that moneys disbursed by a chapter 13 trustee to parties in interest constitute moneys disbursed by the chapter 7 trustee.[8]

---

[7] *Compare In re Rodriguez*, 240 B.R. 912, 915-16 (Bankr. D. Colo. 1999) (applying the "composite trustee" theory, where the chapter 13 trustee and former chapter 7 trustee are limited in their aggregate compensation by § 326(a) and (c), so the chapter 7 trustee may only receive what remains after the chapter 13 trustee is paid) *with In re Hages,* 252 B.R. 789, 793-98 (Bankr. N.D. Cal. 2000) (applying the "constructive disbursement" theory, which imputes the distributions made by the chapter 13 trustee for purposes of calculating former chapter 7 trustee's fees without limitation on aggregate compensation, under the reasoning that § 326(c) only limits aggregate compensation of trustees under the same chapter).

[8] *See Starzynski v. Sequoia Forest Indus*., 72 F.3d 816, 820 (10th Cir. 1995) ("The starting point in analyzing this issue must be the language of the statute. If the language is clear and unambiguous, judicial inquiry is at an end in all but the most extraordinary circumstances. Unless the plain language of the statute would produce a result demonstrably at odds with the intention of its drafters, the court must give effect to the clear meaning of the statute as written.") (citing *United States v. Ron Pair Enters.*, 489 U.S. 235, 241-42, 109 S. Ct. 1026, 1030-31, 103 L. Ed. 2d 290 (1989)).

The court in *In re Rodriguez* disagrees with this reading of § 326(a) by interpreting "trustee," as used in the last sentence of § 326(a), to mean a "composite trustee" comprised of all trustees in the bankruptcy case, regardless of the chapter under which it is pending:

> In order to encourage aggressive action by trustees, the reference to "trustee" in the last sentence of section 326(a) must be read as a generic reference to the composite "trustee" and to the aggregate distributions made in the case by the composite "trustee" to all parties in interest other than the debtor.

*In re Rodriguez*, 240 B.R. 912, 915 (Bankr. D. Colo. 1999). The problem with this interpretation is that § 326(a) uses "the trustee" four times in the same paragraph. "[T]he trustee" should not be accorded a meaning the first three times it is used that is different from the fourth time. "It is a basic canon of statutory construction that phrases within a single statutory section be accorded a consistent meaning."[9]

### 2. The Chapter 7 Trustee cannot be allowed compensation in quantum meruit.

To avoid the fundamentally unfair result of depriving a chapter 7 trustee of any compensation, after conversion of the case to a case under chapter 13, for the chapter 7 trustee's services that provided benefit to creditors, and to further bankruptcy policy, many courts have allowed compensation to a chapter 7 trustee who provided valuable services but did not make any disbursements prior to conversion under a *quantum meruit* theory.[10] In *In re Pivinski*, the court compellingly explained:

---

[9] *First City Bank v. Nat'l Credit Union Admin. Bd.*, 111 F.3d 433, 438 (6th Cir. 1997).

[10] *E.g.*, *In re Pivinski*, 366 B.R. 285, 290 (Bankr. D. Del. 2007); *In re Schuck*, No. 06-80691, 2007 WL 2757160, at *2 (Bankr. C.D. Ill. Sept. 20, 2007); *In re Shaw*, 330 B.R. 113, 116-17 (Bankr. D. Vt. 2005); *In re Moore*, 235 B.R. 414, 416-17 (Bankr. W.D. Ky. 1999), *aff'd*, *Schilling v. Moore*, 286 B.R. 846 (W.D. Ky. 2002); *In re Washington*, 232 B.R. 814, 817 (Bankr. S.D. Fla. 1999); *In re Berry*, 166 B.R. 932, 935 (Bankr. D. Or. 1994); *In re Wells*, 87 B.R. 732, 736 n.3 (Bankr. N.D. Ga. 1988); *In re Stabler*, 75 B.R. 135, 136-37 (Bankr. M.D. Fla. 1987); *In re Parameswaran*, 64 B.R. 341, 343 (Bankr. S.D.N.Y. 1986).

> To preclude a recovery pursuant to section 326(a) would conflict with Congress' intent to encourage the conversion of chapter 7 cases to those under chapter 13 where circumstances permit a debtor to repay all or a portion of his or her debts. Denial of compensation to a chapter 7 trustee in a converted case would also create a perverse incentive for a chapter 7 trustee to discourage conversion and keep cases in chapter 7. Moreover, as courts have noted, the allowance of trustee compensation in a case not fully administered will discourage a debtor's intentional concealment of assets and encourage a trustee's diligent discovery of assets.

*In re Pivinski*, 366 B.R. 285, 290 (Bankr. D. Del. 2007) (internal quotation marks and citation omitted). However, the Bankruptcy Code precludes this approach even though it is supported by bankruptcy policy and fundamental fairness. Section 330, and § 326 if applicable, exclusively govern allowance of compensation to a chapter 7 trustee. The Bankruptcy Code does not permit allowance of compensation to a chapter 7 trustee in *quantum meruit*.[11]

### 3. *The Chapter 7 Trustee is entitled to reasonable compensation under § 330(a)(1) without regard to § 326(a).*

Since the Chapter 7 Trustee's compensation cannot be awarded as a commission under § 326(a) or in *quantum meruit*, the Court returns to § 330(a)(1), pursuant to which the Court, subject to § 326, is authorized to award "reasonable compensation" to a trustee for "actual, necessary services rendered by the trustee" and to § 330(a)(7), which provides that "[i]n determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326."

Courts are divided on whether § 326(a) precludes compensation to a former chapter 7 trustee who made no disbursements and turned over no property to parties in interest prior to

---

[11] *E.g., In re Bartlett*, 590 B.R. 175, 177 (Bankr. D. Mass. 2018) (trustee compensation on the basis of *quantum merit* is contrary to the Bankruptcy Code); *In re Philips*, 507 B.R. 2, 6 (Bankr. N.D. Ga. 2014) (same); *In re Giger*, 504 B.R. 286, 289 (Bankr. D. Me. 2014) (same); *see also In re Chavez*, No. 05-29937, 2006 WL 3832858, at *3 (Bankr. E.D. Cal. Dec. 27, 2006) (holding that an award of fees to counsel for a chapter 7 trustee on a *quantum meruit* theory is foreclosed by the Bankruptcy Code and explaining that "[s]tate court theories of compensation are preempted by the comprehensive compensation scheme in the Bankruptcy Code").

9

conversion of the case to a case under chapter 13.¹² This Court is persuaded that §§ 326(a) and 330(a)(7) do not preclude compensation to the Chapter 7 Trustee. Section 326(a) expressly governs commissions earned by a chapter 7 trustee only while the case was pending under chapter 7. If a former chapter 7 trustee earned compensation while the case was pending under chapter 7, by making disbursements or turning over property to parties in interest prior to conversion, § 326(a) governs the former chapter 7 trustee's allowed compensation in the converted chapter 13 case. Otherwise, § 326(a) is not applicable in the converted chapter 13 case and does not operate to limit or preclude the compensation of a former chapter 7 trustee in the converted case.

Section 330(a)(7) requires that, "[i]n determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." The term "trustee" is not defined in the Bankruptcy Code. The Bankruptcy Code refers to various types of trustees. As phrased, the command of § 330(a)(7) applies to all trustees. If read literally and in isolation, § 330(a)(7) requires the court to treat the compensation of all trustees, including United States trustees, standing chapter 12 and 13 trustees, and subchapter V trustees, as a commission based on § 326. But it is clear that United States trustees, standing chapter 12 and 13 trustees, and subchapter V trustees are not paid a commission based on § 326. Section 326(a) and (b), together with 28 U.S.C. §§ 586(e) and 1930(a)(6), make the commission set forth in § 326 inapplicable to United States trustees, standing chapter 12 and 13 trustees, and

---

¹² *Compare In re Bartlett*, 590 B.R. 175, 178 (Bankr. D. Mass. 2018) (§ 326(a) does not preclude compensation to a former chapter 7 trustee who made no disbursements); *In re Colburn,* 231 B.R. 778, 782 (Bankr. D. Or. 1999) (same); *In re Scott*, No. 05-10001, 2006 WL 566441, at *3 (Bankr. N.D. Ill. Mar. 7, 2006) (same) *with In re Mingledorff*, 2015 WL 3897374 at *7 (Bankr. S.D. Ga. 2015) (under § 326, a former chapter 7 trustee who made no disbursements is not entitled to compensation); *In re Giger*, 504 B.R. 286, 288-90 (Bankr. D. Maine. 2014) (same); *In re Silvus,* 329 B.R. 193 (Bankr. E.D. Va. 2005) (same); *In re Murphy*, 272 B.R. 483 (Bankr. D. Col. 2002) (same).

subchapter V trustees. Similarly, § 326(a), which prescribes the amount of a chapter 7 trustee's commission, is inapplicable in a converted chapter 13 case to a former chapter 7 trustee who did not earn a commission while the case was pending under chapter 7. By its terms, § 326(a) applies only to commissions earned "[i]n a case under chapter 7 or 11" other than subchapter V chapter 11 cases.

Even though §§ 330(a)(7) and 326 do not apply to the Chapter 7 Trustee's application for compensation, the Court still has the authority in a converted chapter 13 case to award reasonable compensation under § 330(a)(1) to a former chapter 7 trustee who made no disbursements and therefore did not earn a commission while the case was pending under chapter 7. The reason is that § 330(a)(1) expressly applies to compensation of trustees, and no other statutory provision makes § 330(a)(1) inapplicable to a chapter 7 trustee in a converted chapter 13 case who did not earn a commission while the case was pending under chapter 7. *See In re Bartlett*, 590 B.R. 175, 178 (Bankr. D. Mass. 2018) ("[T]he Court does not read the plain language of § 326(a) as precluding Chapter 7 trustee fees in converted cases where the trustee has not disbursed any funds.").

In these circumstances, the burden of proof lies with the Chapter 7 Trustee. "The burden is on the [chapter 7] trustee to establish entitlement to the fee through a detailed description of the services provided. The [chapter 7 trustee] should demonstrate a nexus between the trustee's efforts and the uncovering of assets."[13]

D.     *Calculating the Chapter 7 Trustee's reasonable compensation.*

Having concluded that the Court may award the Chapter 7 Trustee reasonable compensation under § 330(a)(1), in calculating the award, the Court begins with the approach

---

[13] *Pivinski*, 366 B.R. at 290 (quoting *In re Moore*, 235 B.R. 414, 417 (Bankr. W.D. Ky. 1999)).

taken for reasonable attorney's fees in the Tenth Circuit—the adjusted lodestar approach—and then considers all other relevant factors. *See In re Mkt. Ctr. E. Retail Prop., Inc.*, 730 F.3d 1239, 1246 (10th Cir. 2013) (explaining that the adjusted lodestar approach is used to determine reasonable attorney's fees under § 330(a)).

1. *The lodestar formula.*

Under the adjusted lodestar approach, the "starting point for awarding reasonable compensation under § 330 to professionals retained on an hourly basis is the lodestar formula, determined by multiplying a reasonable number of hours expended by the attorney's reasonable hourly rate." *In re S-Tek 1, LLC*, No. 20-12241, 2023 WL 1787893, at *4 (Bankr. D.N.M. Feb. 6, 2023) (citing *Mkt. Ctr.*, 730 F.3d at 1246). Although the Chapter 7 Trustee was not retained on an hourly basis, he proposes an hourly rate of $250 per hour, which is the rate he charges when providing services in the capacity of attorney.

In this case, the Chapter 7 Trustee spent 7.2 hours providing compensable trustee services. This excludes time spent defending the Chapter 7 Trustee's fees, which is not compensable. *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 135, 135 S. Ct. 2158, 2169, 192 L. Ed. 2d 208 (2015) (holding that § 330(a)(1) does not permit bankruptcy courts to award compensation for fee-defense litigation). Multiplying 7.2 hours times an hourly rate of $250, the lodestar formula results in a fee of $1,800.

2. *The § 330(a)(3) factors and* Johnson *factors.*

After applying the lodestar formula, the adjusted lodestar approach goes on to consider the factors in enumerated in § 330(a)(3) and the "*Johnson* factors." *Mkt. Ctr.*, 730 F.3d at 1246-47 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). Under § 330(a)(3), in determining reasonable compensation for chapter 11 trustees and professional

12

persons (including attorneys), the court must "consider the nature, the extent, and the value of such services, taking into account all relevant factors[.]" The non-exclusive list of relevant factors identified in § 330(a)(3) are:

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Although the § 330(a)(3) factors do not expressly apply in determining reasonable compensation to a former chapter 7 trustee, the factors are applicable to determining reasonable compensation for professional persons generally. The Court therefore will apply the § 330(a)(3) factors in determining reasonable compensation under § 330(a)(1) for a former chapter 7 trustee in a converted chapter 13 case.[14]

In addition to the § 330(a)(3) factors, the Tenth Circuit in *Market Center* held that courts in this circuit shall consider the *Johnson* factors in determining reasonable attorney's fees. *Mkt. Ctr.*, 730 F.3d at 1246, 1249. Because the circumstances in this case involve determining trustee fees rather than attorney's fees, this Court concludes that the *Johnson* factors have persuasive value but are not required by dispositive precedent. The twelve *Johnson* factors are:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;

---

[14] *See Bartlett*, 590 B.R. at 176 (providing that "[r]easonable compensation . . . is to be determined by reference to the factors set forth in § 330(a)(3)" in awarding compensation to a former chapter 7 trustee in a case converted to one under chapter 13).

(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

*Mkt. Ctr.*, 730 F.3d at 1247 (citing *Johnson,* 488 F.2d at 717-19). *Market Center* further held that the § 330(a)(3) factors and the *Johnson* factors are the only factors beyond the lodestar formula that shall be considered in determining reasonable attorney's fees. *Mkt. Ctr.*, 730 F.3d at 1252. Again, because the circumstances in this case involve determining trustee fees rather than attorney's fees, this Court concludes that *Market Center* is distinguishable and such limitation does not apply here.

Even where consideration of the § 330(a)(3) factors and *Johnson* factors is mandatory, bankruptcy courts "nevertheless ha[ve] broad discretion to determine a reasonable fee amount." *S-Tek*, 2023 WL 1787893, at *5 (citing *Mkt. Ctr.*, 730 F.3d at 1250; *In re Com. Fin. Servs., Inc.*, 427 F.3d 804, 810 (10th Cir. 2005)).

3. *Analysis of the § 330(a)(3) factors*, Johnson *factors, and other relevant factors.*

The Court analyzes the § 330(a)(3) and *Johnson* factors as follows:

§ 330(a)(3) factors*:*

(A) **The time spent on such services**—the Court reviewed the time spent on the Chapter 7 Trustee's time records and concludes that the time spent on the tasks performed was reasonable.
(B) **The rates charged for such services**—the Court concludes based on its experience that the Chapter 7 Trustee's hourly rate is reasonable given the Chapter 7 Trustee's experience, knowledge, expertise, level of efficiency, and the prevailing attorney rates charged in New Mexico.
(C) **Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title**—at the time the services were rendered, they were beneficial and

14

necessary to the administration of the estate. Investigation of the value of assets and taking steps to sell assets with non-exempt equity are core functions of a chapter 7 trustee. *See* § 704(a).

(D) **Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed**—the Chapter 7 Trustee performed his services promptly.

(E) **With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field**—the Court concludes based on its experience in prior cases that the Chapter 7 Trustee has skill and experience in administering chapter 7 bankruptcy estates.

(F) **Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title**—no evidence relating to this factor was presented, and chapter 7 trustees are generally compensated through a commission pursuant to § 326.

*Johnson* factors:

(1) **The time and labor required**—this factor overlaps with § 330(a)(3).
(2) **The novelty and difficulty of the questions**—the Chapter 7 Trustee investigated the value of the Debtor's residence to determine that the residence was undervalued by the Debtor.
(3) **The skill requisite to perform the legal service properly**—the Chapter 7 Trustee is an experienced and competent trustee. He had the requisite skill to properly perform trustee services on behalf of the bankruptcy estate.
(4) **The preclusion of other employment by the attorney due to acceptance of the case**—the Chapter 7 Trustee was not precluded from other employment due to serving as chapter 7 trustee in this case.
(5) **The customary fee**—the reasonableness of the Chapter 7 Trustee's hourly rate was not contested. In the Court's own experience, the amount of fees sought after the Court's tentative ruling (based on the time records) is not unusually high.
(6) **Whether the fee is fixed or contingent**—not applicable.
(7) **Time limitations imposed by the client or the circumstances**—there were no significant time limitations.
(8) **The amount involved and the results obtained**—the amount involved is $19,319.32 for unsecured creditors, who would have received nothing in a "no-asset" chapter 7 case had the Chapter 7 Trustee not conducted his investigation into the value of the Debtor's residence. Because the Chapter 7 Trustee discovered non-exempt equity in the residence, unsecured creditors are projected to receive payment in full through the Debtor's chapter 13 case.
(9) **The experience, reputation, and ability of the attorneys**—in the Court's experience with the Chapter 7 Trustee in other matters before the Court, the Court has found the Chapter 7 Trustee to be very able and capable, with significant bankruptcy experience. In the Court's view, the Chapter 7 Trustee has a good reputation for being a competent bankruptcy trustee.
(10) **The "undesirability" of the case**—this case was not undesirable.

15

(11) **The nature and length of the professional relationship with the client**—not applicable.
(12) **Awards in similar cases**—not applicable.

The Court gives particular weight to the § 330(a)(3)(C) factor here, where the Chapter 7 Trustee provided substantial benefit to the estate. Further, the Court takes into account policy considerations. It is important from a policy standpoint to encourage chapter 7 trustees to be diligent in finding assets, and in this case, moving to sell the property even though it was foreseeable that the Chapter 7 Trustee's actions might result in a motion to convert the case to one under chapter 13 and put the Chapter 7 Trustee's compensation at risk depending on how the Court viewed the caselaw. The Chapter 7 Trustee did a commendable job identifying the issue of a potential undervaluation of the property, investigating the value, and prompting the Debtor to convert to chapter 13 and propose to pay her unsecured creditors. It now appears the unsecured creditors will be paid in full or close to in full even with the Court's allowance of the Chapter 7 Trustee's administrative expense claim.

   4. *Fee Enhancement*.

Having considered the § 330(a)(3) and *Johnson* factors, as well as all other relevant factors, the Court determines that the lodestar amount should be approved and further should be adjusted upward by a $700 fee enhancement. In *Market Center*, the Tenth Circuit held that fee enhancements to the lodestar amount are permitted with respect to attorney's fees under § 330(a).[15] The fee enhancement awarded by the bankruptcy court was reversed in *Market Center*, where the rationale given by the bankruptcy court was the risk undertaken by the professional, and the Tenth Circuit determined that the risk the professional had taken was no

---

[15] *Market Center* analyzed whether the limitations on enhancements of attorney's fees set forth in the U.S. Supreme Court case *Perdue v. Kenny A. ex rel Winn* apply to § 330 and determined they do not. *Mkt. Ctr.*, 730 F.3d at 1247-49 (citing *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010)).

more than the ordinary risk. In this case, a fee enhancement is appropriate in light of all factors considered, especially the substantial benefit to the bankruptcy estate in the Chapter 7 Trustee's discovery of non-exempt equity in the Debtor's residence, which has resulted in an amended chapter 13 plan proposing to pay unsecured creditors in full. Without the Chapter 7 Trustee's investigation and discovery of the non-exempt equity, unsecured creditors would have received nothing in a "no-asset" chapter 7 case. Another factor that weighs heavily in favor of the fee enhancement is the importance of incentivizing chapter 7 trustees to investigate assets and pursue sale of assets with non-exempt equity knowing it likely would trigger a motion to convert to chapter 13.

Although a $700 fee enhancement is high as a percentage of fees calculated by the lodestar formula, it is a relatively small amount of money. The Court will therefore allow fees, including the fee enhancement, in the amount of $2,500 and also award reimbursement of expenses and New Mexico gross receipts tax. The award of $2,500 includes the $60 that the Chapter 7 Trustee was paid as a case trustee, so after the $60 is deducted, the net amount of the fee award is $2,440 (plus reimbursement of expenses and gross receipts tax).

Conclusion

The Court awards the Chapter 7 Trustee $2,500 plus reimbursement for expenses and New Mexico gross receipts tax. An order will issue separately.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: May 22, 2024

COPY TO:

Counsel for Debtor
Jason Michael Cline
Jason Cline, LLC
2601 Wyoming Blvd. NE, Suite 108
Albuquerque, NM 87112

Former Chapter 7 Trustee
Philip J. Montoya, Trustee
1122 Central Ave SW Ste #3
Albuquerque, NM 87102

Chapter 13 Trustee
Tiffany M. Cornejo
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111

And all counsel of record electronically via CM/ECF